IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| RONALD D. BROWN and VALERIE BROWN, <br><br> Plaintiffs, <br><br> vs. <br><br> SHELL ROCKY MOUNTAIN PRODUCTION LLC, SWEPI LP, and JEROMY MOFFAT, <br><br> Defendants, | Case No. 18-CV-0068-F |

ORDER ON MOTIONS

The Court has before it several pending motions: Defendant Jeromy Moffat's August 16, 2019 motion in limine (doc. 46), Plaintiffs Ron and Valerie Brown's August 21, 2019 motion in limine (doc. 50), Defendant's motion and amended motion to strike the latter (docs. 55, 57), Plaintiffs' motion to strike the Defendant's motion to strike (doc. 59), and Plaintiffs' August 28, 2019 motion in limine. Doc. 60. As the Court indicated during the final pretrial conference, it now rules on these motions as follows.

I. *Defendant's Motion in Limine (Document 46)*

Defendant seeks to limit or exclude three types of evidence:

1. To limit Mr. Brown's treating health providers' testimony to only the factual matters contained in their own records (not records of other providers) and to preclude them from offering expert testimony of any kind.

2. To preclude any testimony as to the reasonable value of the amount billed by any provider or hospital for medical services Mr. Brown received after the accident at issue.

3. To exclude any evidence of the amounts billed for medical treatment.

Defendant argues Plaintiffs' February 28, 2019 expert designation of his 22 non-retained, treating medical providers is faulty because Plaintiffs include a "catch-all" sentence to disclose opinions on the reasonableness of their charges. "The above doctors" are expected to opine that "all the Plaintiff's medical care as reflected in Plaintiff's medical records produced to date, were reasonable and necessary and the amount charged was reasonable." Doc. 18, p. 12. Defendant argues this is insufficient under the IPT Order and Rule 26(a)(2)(C) for disclosing non-retained treating providers' opinions on the reasonable value of medical treatment Mr. Brown received.

Under the Court's standard practices, the subject of this motion is inappropriate for a motion near trial.

> Allegations that designations are faulty or fail to satisfy Daubert and its progeny should be brought by motion in a timely fashion. Do not wait and file such objections in the form of a motion in limine near trial.

http://www.wyd.uscourts.gov/htmlpages/judge_freudenthal.html. Other cases from the Court addressing similar arguments of faulty designations for non-retained, treating providers reflect the party raised the issue months before trial. *See, e.g., Lundquist v. Whitted*, No. 15-CV-148-NDF, 2016 WL 3674695, at *4 (D. Wyo. May 25, 2016); *Prager v. Campbell Cty. Mem'l Hosp.,* No. 10-CV-202-J, 2011 WL 13141599, at *3 (D. Wyo. May 11, 2011). Such motions should not wait until 5 weeks before trial, when there is no longer sufficient time for the disclosing party to supplement their designation without prejudicing

the movant. Here, Defendant has had these designations since February 28, 2019 and waited until weeks before trial to raise the issue. Accordingly, Defendant's motion (doc. 46) is DENIED as tardy.

This motion is also DENIED because for non-retained experts, the party must disclose only "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). The IPT Order requires a "complete summary." Doc. 14, p. 5. In addition to the "catch-all" designation, Plaintiffs gave adequate summaries of non-retained, treating providers' opinions. Many of the summaries sound similar, but they are not boilerplate. In particular, for most of Mr. Brown's providers,[1] Plaintiffs disclosed their opinions include the "cost" of their services to him. Doc. 18, pp. 4-7, 11 (February 28, 2019).

Defendant appears to argue that in order to present evidence of the billed amounts, Plaintiffs had to designate an expert capable of testifying regarding the "chargemaster" rates for that hospital or clinic. Defendant argues "chargemaster" rates, *i.e.,* the rates that appear on medical bills to patients, are rates that providers set artificially high to induce third-party payers to negotiate and pay more reasonable rates. Thus, in the view of several law review articles (and Defendant), the medical bills sent to patients often do not reflect

---

[1] Drs. West, Cunniff, Quigley, Rogers, Spiker, Evans, Jost, Wallace, Ofstein, and Stroklund, and as to Mark Weaver, PT, and Elisabeth Boehm, PTA. Doc. 18*,* pp. 4-8, 11-12.

reasonable or market value. For the latter point, Defendant cites cases outside of Wyoming and the Tenth Circuit.[2]

Plaintiffs respond that their designations are sufficient to ask the treating providers' to testify regarding their charges to Mr. Brown, and in addition that they are not necessarily required to present an expert witness on the billed amounts, *i.e.,* the "chargemaster" rates, because they can rely on evidence of the paid amounts to show the reasonableness of the charges. Plaintiffs cite Colorado law on this issue: *Walters v. Encompass Ins. Co. of America,* 2007 WL 3090766 at *3 (D. Colo. 2007), and *Grabau v. Target Corp.,* 2008 WL 659776 at *2 (D. Colo 2008). Under Colorado law, both the billed and paid amounts are relevant to the reasonable value of medical services provided. *Walters,* 2007 WL 3090766 at *2; *Grabau,* 2008 WL 659776 at *2. Plaintiffs also cite 22 American Jurisprudence Second – Damages § 734 for considering evidence of a paid medical bill as prima facie evidence of the reasonableness of the charge, and for considering a patient's and physician's testimony on the medical bills to suffice. For those points, the treatise cites cases outside Wyoming.

Wyoming law appears to allow Plaintiffs to risk relying on solely non-expert testimony to establish the reasonableness of the charges for which they seek recovery. *See, e.g., Wyoming Med. Ctr., Inc. v. Murray,* 2001 WY 63, ¶¶ 16-17, 27 P.3d 266, 270 (Wyo. 2001). However, in this case Plaintiffs appear to plan on presenting testimony as to both

---

[2] Defendant cites Wyoming cases relating to this issue only for the uncontroverted point that Plaintiffs bear the burden of proving the medical expenses they incurred were reasonable. Doc. 46, p. 9 (citing *Wal-Mart Stores v. Clark,* 969 P.2d 550, 552 (Wyo. 1998); *Banks v. Crowner,* 694 P.2d 101, 105 (Wyo. 1985)).

the billed and paid amounts on Mr. Brown's medical expenses. *See, e.g.,* Doc. 53, p. 6. As Plaintiffs point out, it is the jury who decides what medical expenses are reasonable. Defendant does not cite Wyoming authorities to support his theory that Plaintiffs must present expert testimony on the "chargemaster" rates for each treating hospital or clinic. Defendant's argument goes to the weight of the evidence, not admissibility.

Defendant's request to exclude Mr. Brown's medical bills or other evidence of the amount billed for medical services is premised on his unpersuasive arguments to exclude the expert testimony. As such, this request also fails. In short, Document 46 is DENIED.

II. *Plaintiffs' Motion in Limine Document 50*

Plaintiffs' motion in limine does not recite attempts to confer and was filed 5 days after the deadline. Plaintiffs assert the Court should nonetheless consider the motion because "this motion concerns evidence or issues that have just arisen. The report of Dr. Rauzzino was filed by the Defendant on August 16, 2019. The settlement between Plaintiff and Shell / Swepi is in process." Doc. 50, n.1.

Plaintiffs ask to preclude two categories of evidence:

1. To preclude Defendant's expert, Dr. Rauzzino, from using or relying on several of Mr. Brown's medical records.

2. To preclude any mention that Shell Rocky Mountain Production and Swepi were defendants in this case or that they have settled with Plaintiffs.

Defendant objects to Plaintiff's motion in limine for lack of conferral and untimeliness. Doc. 56 (response); Docs. 57, 59 (motions to strike). As to Plaintiffs' first issue, Defendant correctly points out that this issue did not first arise in Dr. Rauzzino's supplement filed August 16, 2019. Rather, this issue regards documents that Dr. Rauzzino

5

had already reviewed and stated his opinions based thereon in his report disclosed on July 15, 2019 (dated June 28, 2019). Doc. 44-1. The supplement filed August 16, 2019 merely repeats Dr. Rauzzino's existing reports before moving to new facts and opinions (his recent IME of Plaintiff and whether it changed his existing opinions). This part of Plaintiffs' motion is plainly untimely, and the motion is DENIED IN PART as to the first issue.

For Plaintiffs' second issue, they assert that assuming their pending settlement with Shell and Swepi becomes final, Defendant should not be permitted to present evidence or refer to the fact that they are former defendants in this case, or their settlement. Plaintiffs cite *Smyth v. Kaufman,* 67 P.3d 1161, 1169 (Wyo. 2003), *Haderlie v. Sondgeroth,* 866 P.2d 703 (Wyo. 1993), and two cases from the Fifth Circuit.

> It is well established that evidence of settlement is not admissible to prove liability for or invalidity of a claim or its amount. W.R.E. 408; *Haderlie v. Sondgeroth,* 866 P.2d 703, 713 (Wyo. 1993). It is also well established, however, that, under Wyoming's comparative fault scheme, a jury is entitled to apportion the fault of all those whose acts proximately caused injury to the claimant—parties and nonparties alike. Wyo. Stat. Ann. § 1–1–109.

*Smyth*, 67 P.3d at 1168. In his response, Defendant does not argue the comparative fault statute justifies informing the jury of Shell and Swepi's status as former defendants or of their settlement. He instead argues the Wyoming cases are inapposite because they were decided under the state, not federal, Rule of Evidence 408. The text of the two rules is quite similar; Defendant does not cite any significant difference.

Defendant argues he can inform the jury Shell and Swepi are settled defendants to prove Plaintiffs' motive, bias or prejudice in shifting accusations they formerly directed against Shell and Swepi now to Mr. Moffat. But both the Wyoming and Federal Rule of

6

408 refer to "proving a *witness's* bias or prejudice." (emphasis added). *See also Smyth*, 67 P.3d at 1169 (evidence of former defendant's settlement would have been admissible if offered to prove his bias or prejudice as a testifying witness). Defendant's proposed purpose would be an impermissible use of the settlement to "disprove the validity or amount of a disputed claim." Fed. R. Evid. 408(a).

Defendant also argues he should be able to mention the settlement to explain Shell and Swepi's absence from the trial, citing *O'Hearon v. Castleview Hosp.,* Nos. 96-4150, 96-4146, & 96-4175, 1998 U.S. App. LEXIS 18286, at *7-8 (10th Cir. Aug. 7, 1998). In *O'Hearon*, evidence of the plaintiff's earlier settlement offer was admitted because her "amended complaint attributes injuries to Castleview and Perez that her earlier settlement offer identified as resulting from her son's negligence. That inconsistency provides a reasonable impeachment basis to admit the offer and its subsequent acceptance." *Id.* Defendant has not argued the same is true here.

Accordingly, Plaintiffs' motion in limine (document 50) is GRANTED IN PART as to the second issue to preclude evidence or reference to Shell or Swepi as former defendants or their settlement, subject to reconsideration if some event arises where evidence related to the Shell or Swepi settlement is admissible for another purpose.

III.   *Plaintiffs' August 28, 2019 Motion in Limine (Document 60)*

Plaintiffs' second motion in limine (document 60) regards an issue the parties disclosed in their proposed order on August 23: whether Defendant's expert Mr. Cate should be permitted to rely on "computer modeling" which was not referenced or attached to his report. At the final pretrial conference, Defendant did not dispute that the computer

modeling is not referenced or attached to Mr. Cate's original report; rather, this issue only arose because Plaintiffs' counsel asked Mr. Cate during his deposition what else he could do, *i.e.,* what else he might use to look into this matter. Defendant does not intend to present opinions relying on the computer modeling unless Plaintiffs inquire into the issue and thus open the proverbial door. As such, Plaintiffs' motion (doc. 60) is GRANTED to the extent that Defendant shall not rely on said computer modeling unless Plaintiffs first open the door.

IV. *Motions to Strike*

Both sides move to strike the other's most recent motions for failure to confer. Docs. 55, 57 and 59. These motions are DENIED as moot.

IT IS SO ORDERED.

Dated this 30th day of August, 2019.

_____
NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE